**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | **CONSENT JUDGMENT** |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO: 3:17-CV-570 |
| Approximately $11,319 in funds seized | ) | |
| from Edmond Allerdyce at the | ) | |
| Charlotte Douglas Airport. | ) | |

THIS MATTER is before the Court by consent of the United States of America, by and

through R. Andrew Murray, United States Attorney for the Western District of North Carolina

and Edmond Allerdyce ("Allerdyce"), through counsel, pursuant to 18 U.S.C. § 983(d) and Rule

G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The Government and Allerdyce have consented to this Consent Order for Third Party Claim as a

final adjudication and settlement of all matters with regard to forfeiture of the property identified

in this case.

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS**

**FOLLOWS:**

1.  The Government has alleged in its September 25, 2017 Complaint for Forfeiture

    *In Rem* (Doc. 1) that the property identified in the Complaint, consisting of seized

    funds, is proceeds traceable to offenses constituting specified unlawful activity as

    defined by the money laundering statute and subject to forfeiture under 18 U.S.C.

§ 1956(c)(7) and 18 U.S.C. §981(a)(1)(C) and this Court has authorized the seizure of the property.

2.     Mr. Allerdyce is an Administrative Claimant and has filed neither a Claim nor an Answer in the instant action. In essence, without challenging or agreeing with the allegations about the offenses that form the basis of the forfeiture action, Allerdyce argues that the funds are his legitimate property.

3.     As of the last day to file claims, November 7, 2017, no other party has filed a claim for the funds in which Allerdyce asserts an interest.

4.     The Government has, after reviewing Allerdyce's statements under penalty of perjury and the materials he provided, determined that the totality of the circumstances in the instant case warrant a resolution of this matter regarding the one-time violation of §1956. Further, as of the date on which this Consent Order was signed by Government counsel, Government counsel has not obtained information to dispute Allerdyce's claims regarding the offenses set forth in the Complaint.

5.     By entering into this Consent Order, Allerdyce agrees to, upon receipt of the Defendant currency, release and forever discharge his interest in all remaining property in this case, $11,319.00. In exchange for release of the interest, the Government agrees to pay Allerdyce $3,961.65.

6.     The payment to Allerdyce shall be in full settlement and satisfaction of all claims by Allerdyce in this action and all claims against the United States resulting from the incidents or circumstances giving rise to this action.

2

7.      Allerdyce agrees not to pursue against the United States any rights that it may have on the property in this case.  Allerdyce agrees to withdraw his claim in the preceding administrative forfeiture proceeding regarding the Defendant currency.  Allerdyce understands and agrees that the United States reserves the right to terminate the forfeiture action at any time.

8.      The Government and Allerdyce waive any rights to further litigate between each other in this forfeiture action and agree that this Consent Order shall be in full settlement and satisfaction of all claims between Allerdyce and the Government in this forfeiture action.

9.      To this end, Allerdyce agrees to release and forever discharge the United States, its agents, servants and employees, its successors or assigns, and all state or local government entities or law enforcement agencies in North Carolina and their agents, servants and employees, their heirs, successors, or assigns from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which he or his heirs, successors, or assigns ever had, now have or may have in the future in connection, with this, investigation, seizure, detention, and forfeiture.

10.      Unless specifically directed by an order of the Court, Allerdyce shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

Based upon the stipulations of the parties herein that Allerdyce satisfies one or more prongs of 18 U.S.C. § 983(d)(2) and (3), the Claim is granted to recognize that Allerdyce has an interest in $3,961.65 in funds seized from Edmond Allerdyce at the Charlotte Douglas Airport on April 28, 2017.

The Government and Allerdyce shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this _____ day of _____, 201__.

_____

UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

R. ANDREW MURRAY
UNITED STATES ATTORNEY

_Tiffany Mallory Moore_                Dated: _3/8/18_
Tiffany Mallory Moore
Assistant United States Attorney

_[signature]_                Dated: _02/14/2018_
Mr. Edmond Allerdyce
Administrative Claimant

_[signature]_                Dated: _2/25/18_
Ms. Carrie Hagin
Attorney for Mr. Edmond Allerdyce

4

The Government and Allerdyce shall bear their own fees and costs incurred in this federal forfeiture action, including attorneys' fees.

Signed this _12_ day of _April_, 201_8_

ROBERT J. CONRAD JR.
UNITED STATES DISTRICT JUDGE

ON MOTION OF AND
BY CONSENT OF THE PARTIES:

R. ANDREW MURRAY
UNITED STATES ATTORNEY

Tiffany Mallory Moore        Dated: _3/8/18_
Tiffany Mallory Moore
Assistant United States Attorney

Mr. Edmond Allerdyce        Dated: _02/14/2018_
Mr. Edmond Allerdyce
Administrative Claimant

Ms. Carrie Hagin        Dated: _2/25/18_
Ms. Carrie Hagin
Attorney for Mr. Edmond Allerdyce